## MORA *v.* SCHICK and others.

*(Supreme Court of New Mexico.* February 4, 1887.)

1. APPEAL—DISMISSAL—FAILURE TO DELIVER COPIES OF THE RECORD.
> An appeal will not be dismissed for the failure of appellant to serve appellee with copies of the record, as required by rule of court, unless appellee takes advantage of such failure in the manner and at the time prescribed in the rule, by filing a motion on the second day of the return-term to dismiss, after having given appellant 24 hours' notice of his motion, and also supported the motion by affidavit.

2. SAME—VIOLATION OF RULE OF COURT.
> A rule of court requiring appellant to furnish a copy of the record to each judge of the court and the clerk, but fixing no penalty for violation of the rule, this appeal will not be dismissed for failure to file the record.

3. SAME—PRINTING RECORD.
> A statute (Comp. Laws N. M. § 2201) requiring the record to be printed where the amount in controversy is $1,000, the court has no right to compel the printing where the amount involved is less.

Appeal from Bernalillo county.
*Fiske & Warren* and *J. F. Chaves,* for Mora. *W. B. Childers,* for Schick.

BRINKER, J. Defendants move to dismiss this cause for the following reasons: *First,* because appellant has not served the appellees with any copies of the record in said cause; *second,* because there is no sufficient assignment of errors filed in said cause; *third,* because only one copy of the record in said cause has ever been filed therein; *fourth,* because the transcript of the record

in said cause has never been printed. The assignment of errors, while couched in very general terms, is well enough.

This cause was docketed in this court on the fifth day of December, 1884, 30 days before the January term, 1885. At the January term for the year 1885, appellant filed the assignment of errors. The motion to dismiss was filed on January 4, 1887. In order to justify us in dismissing the cause for the failure of appellant to serve appellee with copies of the record, as provided by rule 23, the appellee must take advantage of such failure in the manner and at the time prescribed in that rule, by filing a motion on the second day of the return-term to dismiss, after having given appellant 24 hours' notice of his intention to file the motion, and also support the motion by affidavit. None of these steps were taken.

There is no statute or rule of court requiring us to dismiss a cause for a failure on appellant's part to file more than one copy of the record. Rule 23 requires appellant, at the commencement of the argument, to furnish a copy of the record to each of the justices of this court, and one copy to the clerk, together with a printed copy of the points on which he intends to rely, etc., but affixes no penalty if the rule in this particular is violated. The transcript shows the amount in controversy to be less than $1,000. We therefore have no power to compel the printing of the record. Section 2201, Comp. Laws. From what has been said it is clear that appellant has not been so negligent as to justify us in dismissing the cause. Therefore the motion is overruled.

LONG, C. J., and HENDERSON, J., concur.